per curiam:
This case is before the court on plaintiffs’ exceptions to the findings of fact and recommended opinion of Trial Judge Hogenson filed May 12,1981. Oral argument has not been requested.
Burgett H. Mooney is the chief executive officer and principal shareholder of News Publishing Company, which publishes the Rome News-Tribune, an independent newspaper, in northwest Georgia. The I.R.S. disallowed as a deduction under I.R.C. § 162(a)(1) and Treas. Reg. § 1.162-7 (1959) a $60,000 bonus that News Publishing had paid to Mooney in each of the years 1974 and 1975 on the ground that, to the extent of the bonuses paid, the total compensation paid to Mr. Mooney was unreasonable. The trial judge sustained the disallowance, holding that plaintiffs were not *555 entitled to a refund of their taxes [reported in full, 47 AFTR 2d 81-1534; 81-1 USTC para. 9435].
Plaintiffs’ exceptions are directed primarily to the ultimate conclusion of the trial judge that the bonuses constituted unreasonable compensation for purposes of section 162(a)(1). Plaintiffs also contend that the trial judge erred by failing to consider the total compensation package of a publisher of a similar independent newspaper, whose testimony was offered by defendant for comparative purposes.
The reasonableness of compensation for tax deduction purposes is a factual question which must be resolved in light of all the relevant facts and circumstances. Charles McCandless Tile Serv. v. United States, 191 Ct. Cl. 108, 422 F.2d 1336 (1970). In addressing such a question, the court should accept the report of the trial judge unless it is convinced that the preponderance of the credible evidence goes against his determination. Montgomery Coca-Cola Bottling Co. v. United States, 222 Ct. Cl. 356, 615 F.2d 1318 (1980).
Upon careful review, it is found that the record clearly supports the findings and conclusions of the trial judge. The expert testimony presented by defendant was accepted by the trial judge as establishing the appropriate salary range for executives of comparable-sized companies in the publishing industry. Such acceptance was both a proper and reasonable evaluation of the most credible evidence. Irby Constr. Co. v. United States, 154 Ct. Cl. 342, 290 F.2d 824 (1961); Mayson Mfg. Co. v. Commissioner, 178 F.2d 115 (6th Cir. 1949). Moreover, the trial judge was correct in not considering the total compensation of the publisher of the similar independent newspaper since it was found that only a portion thereof was attributable to services performed in publishing that newspaper. Finally, plaintiffs failed to produce any evidence to support their assertion that the bonuses were paid to compensate Mooney for services rendered in prior years. The burden of proof rests upon the taxpayer to disprove the Commissioner’s determination of unreasonableness, which carries a presumption of correctness. Welch v. Helvering, 290 U.S. III (1933); E.I. du Pont de Nemours & Co. v. United States, 221 Ct. Cl. 333, 608 *556 F.2d 445 (1979), cert. denied, 445 U.S. 962 (1980); Charles McCandless Tile Serv. v. United States, supra. Plaintiffs have failed to do so here.
The court affirms and adopts the findings and decision of the trial judge as the basis for its judgment in this case.* As a matter of law, plaintiffs are not entitled to a refund of their taxes and their petition is dismissed.

 The trial judge’s report has been furnished to the parties and it is not considered necessary to print it here as the trial judge’s opinion and the foregoing statement recite the necessary conclusions derived from the applicable law and the facts which have been found.